FILED

SEP - 7 2004


CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PS INTERNATIONAL, INC.,<br><br>Defendants. | Misc 04-06<br><br><br><br>PETITION FOR<br>DECLARATORY JUDGMENT |

COMES NOW the plaintiff Cincinnati Insurance Company and pursuant to 28 U.S.C.A. §2201(a), states as its cause of action against the defendants as follows:

1. Cincinnati Insurance Company (hereinafter "Cincinnati") is an insurance company authorized to write commercial general liability insurance in the State of South Dakota and did so on February 13, 2002 have in full force and effect an insurance policy number CPP0743088 until February 13, 2005, extending commercial general liability coverage and did so on February 13, 2003, have in full force and effect an insurance policy number CCC4494864 until February 13, 2005, extending commercial umbrella liability coverage to its insureds PS International, Inc., with a limit of one million dollars per occurrence and four million dollars aggregate, respectively.

2. Upon information and belief, PS International, Inc. (hereinafter "PS International") is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota.

3. On or about May 7, 2004, Highland Tank & Mfg. Co., a Pennsylvania corporation, filed suit against PS International in the United States District Court for the Western District of Pennsylvania, Civil Action No. 04-100J. Highland Tank & Mfg. Co. brought claims for patent infringement against PS International, alleging infringement upon Highland's "Oil-Water Separator" which is United States Patent No. 4,722,800 ("the '800 patent") issued on February 2, 1988. See attached hereto Highland Tank & Mfg. Co. v. PS International, Inc. civil action Complaint, Civil Action No. 04-100J.

4. Highland alleges that PS International infringed upon the above-referenced patent by manufacturing, using, selling and offering for sale in the United States "devices for separating immiscible liquids, particularly oil-water mixtures". Highland also alleges that "these devices have been marketed, sold and/or offered for sale by PSI in the United States as, among others, the PSRC Model Rectangular Separator and the PSR Model Rectangular Separator. See Highland Tank Complaint Civil Action No. 04-100J attached hereto and marked as Exhibit A.

5. PS International has made a claim for insurance coverage for the Highland Tank & Mfg. Co. lawsuit on "Cincinnati". "Cincinnati" has denied coverage under the terms of its policies of insurance with PS International. See attached denial letter from Cincinnati's counsel to PS International dated July 15, 2004, marked as Exhibit B.

6. Cincinnati requests a determination of whether Cincinnati has a duty to defend and coverage for the complaint filed by Highland Tank Mfg. Co. in the United States District Court for the Western District of Pennsylvania, Civil Action No. 04-100J.

2

WHEREFORE, the Court is requested to declare:

That Cincinnati's general liability as well as umbrella policies of insurance do not provide a duty to defend PS International, Inc. from Highland Tank & Mfg. Co.'s claims or coverage in the underlying lawsuit in the United States District Court for the Western District of Pennsylvania, Civil Action No. 04-100J.

HELLIGE, FREY & ROE

By _____
Kathleen Roe, 3103
700 Frances Building
505 Fifth Street
P. O. Box 1828
Sioux City, IA  51102
(712) 255-4444
FAX:  (712) 255-4465

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _September 1_, 20_04_.
By: ☒ U.S. Mail  ☐ FAX
    ☐ Hand Delivered  ☐ Overnight Courier
    ☐ Cert'd Mail  ☐ Other:
Signature: _____

Original filed.
Copy to:

PS International, Inc.
5309 E. Ryan Place
Sioux Falls, SD  57110

3

JUN-09-2004 12:43   HOWALT MCDOWELL                                605 339 3620   P.01

PS INTERNATIONAL      9065321293           28/07/04  10:90am  P. 002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HIGHLAND TANK & MFG. CO., | ) |
| Plaintiff, | ) Civil Action No. 04-100 J |
| v. | ) |
| PS INTERNATIONAL, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff Highland Tank & Mfg. Co., through its counsel, Reed Smith LLP, hereby alleges the following for its Complaint against Defendant PS International, Inc.

## JURISDICTION AND VENUE

1. This Complaint alleges patent infringement claims under the Patent Act, 35 U.S.C. §271, *et seq.*

2. This Court has subject matter jurisdiction for such patent claims pursuant to 28 U.S.C. §§ 1331 and 1338.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b), in that, for example, acts of infringement have been committed in this judicial district.

**EXHIBIT NO. A**

06/15/2004 11:29 FAX 6054284627  PSCHMIDT-CLG
Case 4:04-cv-04191-LLP   Document 1   Filed 11/30/04   Page 5 of 12 PageID #: 011

JUN-09-2004 12:43       HOWALT MCDOWELL                     605 339 3620   P.02
              PS INTERNATIONAL    6053821298      06/07/04  12:32am  P. 008

## THE PARTIES

4. Plaintiff Highland Tank & Mfg. Co. ("Highland") is a Pennsylvania corporation having its principal place of business at One Highland Road, Stoystown, Pennsylvania 15563.

5. Upon information and belief, Defendant PS International, Inc. ("PSI") is a South Dakota corporation having a place of business at 1033 Shenandoah Circle, Sioux Falls, South Dakota 57103. Upon further information and belief, PSI is doing business, has carried out business, and has had other contacts within this judicial district.

## COUNT I

### (Patent Infringement)

6. Highland is the owner by assignment of United States Patent No. 4,722,800 ("the '800 patent"), issued on February 2, 1988, and titled "Oil-Water Separator." A true and correct copy of the '800 patent is attached hereto as Exhibit A.

7. The '800 patent discloses and claims innovative and valuable inventions relating to devices and methods for separating immiscible liquids or for separating solids from such mixtures, for example, in the treatment of waste water containing materials such as oil, grease and sand.

8. Upon information and belief, and during all times relevant and material hereto, PSI has manufactured, used, sold and offered for sale in the United States devices for separating immiscible liquids, particularly oil-water mixtures. Upon further information and belief, during the relevant and material time period, these devices have been marketed, sold and/or offered for

-2-

06/15/2004 11:29 FAX 6054284627    PSCHMIDT CIC    ☒012
Case 4:04-cv-04191-LLP  Document 1  Filed 11/30/04  Page 6 of 12 PageID #: 6

JUN-09-2004  12:43    HOWALT MCDOWELL                    605 339 3620  P.03
           PS INTERNATIONAL    S055521298    26/07/04  10:00am  P. 004

sale by PSI in the United States as, among others, the PSRC Model Rectangular Separator and the PSR Model Rectangular Separator.

9. Upon information and belief, PSI has infringed and is continuing to infringe one or more claims of the '800 patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale the PSRC Model Rectangular Separator and the PSR Model Rectangular Separator.

10. By reason of the foregoing, Highland has been damaged in an amount that is yet to be ascertained and has suffered and will continue to suffer irreparable loss and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Highland Tank & Mfg. Co. prays as to Count I:

A) that PSI, its officers, agents, servants, employees, and attorneys be preliminarily and permanently enjoined from infringing the '800 patent;

B) that judgment be entered that PSI has infringed the '800 patent;

C) that PSI be found liable to Highland for its acts of infringement and be ordered to pay compensatory damages pursuant to 35 U.S.C. § 284 as a result of infringement the '800 patent, including all damages suffered by Highland as a result of the infringement;

D) that this case be adjudged and decreed exceptional under 35 U.S.C. § 285 and that PSI be ordered to pay the expenses and costs incurred by Highland, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

-3-

06/15/2004 11:29 FAX 6054286274   BSCHMIDT CLC   Case 4:04-cv-04191-LLP   Document 1   Filed 11/30/04   Page 7 of 12 PageID #: 7 ☒013

JUN-09-2004 12:43    HOWALT MCDOWELL                         605 339 3620   P.04

PS INTERNATIONAL        6053321298           06/07/04  10:22am  P. 005

E) that Highland be awarded its costs and prejudgment interest on all damages pursuant to 35 U.S.C. § 284; and

F) that Highland be awarded such further relief as the Court shall deem appropriate.

Respectfully submitted,

Dated: May 7, 2004

/s/ Gene A. Tabachnick

Gene A. Tabachnick
Pa. I.D. No. 73032
Charles H. Dougherty, Jr.
Pa. I.D. No. 83795
Joshua S. Bish
Pa. I.D. No. 84208

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, Pennsylvania 15219-1886
(412) 288-3258/7229/7288

Attorneys for Plaintiff Highland Tank & Mfg. Co.

-4-

# HELLIGE, FREY & ROE

## ATTORNEYS AT LAW

MICHAEL R. HELLIGE *
MICHAEL J. FREY *
KATHLEEN ROE +
TONYA A. OETKEN

700 FRANCES BUILDING
505 FIFTH STREET
P.O. BOX 1828
SIOUX CITY, IOWA 51102
TELEPHONE 712-255-4444

TELECOPIER 712-255-4465
E-MAIL: MIKEF@HELLIGELAW.COM

\* ALSO ADMITTED IN NEBRASKA

\+ ALSO ADMITTED IN SOUTH DAKOTA

July 15, 2004

### CERTIFIED MAIL –
### RETURN RECEIPT REQUESTED

PS International Inc.
Att: Gale Paulson/Brett Sadler
5309 E. Ryan Place
Sioux Falls, SD 57110

Re: **Reservation of Rights**
Policy #: CPP-743088
Claim #: 89604
Insured: PS International Inc.
D/L: 5/7/04
Claimant: Highland Tank & MFG Co.

Dear Mr. Paulson/Mr. Sadler:

This letter is a follow-up to our June 18, 2004 letter that was sent via certified mail to you and return receipt dated June 22, 2004. In order to ascertain whether there is any coverage provided by Cincinnati Insurance Companies' commercial general liability policy and commercial umbrella liability policy with coverage up to $1,000,000 per occurrence and $4,000,000 aggregate, respectively. We have reviewed the following documents:

a. Petition filed by Highland Tank & MFG Co in the Federal District Court for the Western District of Pennsylvania against PS International, Inc., Civil action No. 04-100J.
b. U.S. Patent Information attached to the Petition referred to in sub-a above;
c. Cincinnati Insurance Companies' Commercial General Liability policy, policy number CPP0743088 with policy period from 02-13-2002 to 02-13-2005; and
d. Cincinnati Insurance Companies' Commercial Umbrella Liability policy; policy number CCC4494864 with policy period from 02-13-2003 to 02-13-2005.

**EXHIBIT NO. B**

In particular, we have reviewed and examined the language of these policies in order to ascertain whether there is any insurance coverage provided for the patent infringement claim asserted in the above referenced petition at sub-a above. For the following reasons, we do not believe there is any coverage provided under either one of these policies for the patent infringement claim asserted in the above-referenced petition.

### Commercial General Liability policy

**Coverage B. Personal & Advertising Injury Liability.**

**1. Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. ...

See p. 4 of CGL policy.

Advertising Injury is defined as follows:

**Section V—Definitions**

1. "Advertising injury" means injury arising out of one or more of the following offenses:

    a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    b. Oral or written publication of material that violates a person's right of privacy;
    c. Misappropriation of advertising ideas or style of doing business; or
    d. Infringement of copyright, title or slogan.

Advertising means an advertisement, publicity article, broadcast or telecast.

See p. 9 of CGL policy.

We do not believe that coverage for patent infringement can reasonably be included in the definition of advertising injury included in the CGL policy. The insurance coverage provided is for loss due to advertising injury. The Petition filed by Highland Tank & MFG Co. alleges, "PSI has manufactured, used, sold and offered for sale ....". See page 2 of Highland Tank Petition. Nowhere in this Petition is there any allegation that Highland Tank was injured in any manner by PS International's advertising.

Various Courts have universally rejected the argument that "patent infringement" can be reasonably read into the phrase, "infringement of copyright, trade dress (title) or slogan".

2

> First, and perhaps most significantly, there is the glaring absence of the
> word 'patent' anywhere in the policy language defining advertising injury...
> Surely, if coverage for patent infringement were anticipated there would be
> some mention of the term itself just as 'copyright' is explicitly listed. And it
> is nonsense to suppose that if the parties had intended the insurance
> policy in question to cover patent infringement claims, the policy would
> explicitly cover infringement of 'copyright, title or slogan', but then include
> patent infringement, sub silentio, in a different provision. A plain reading
> of the term 'infringement of copyright, title or slogan' in the course of
> advertising activities also would exclude a claim of patent infringement.

See Julian v. Liberty Mutual Insurance Company, 682 A. 2d 611, 614 (App. Conn. 1996) citing Owns-Brockway Glass Container, Inc. v. International Ins. Co., 884 F. Supp. 363, 367 (E.D. Cal. 1995), Gencor Industries Inc. v. Wausau Underwriters Ins. Co., 857 F. Supp. 1560,1564 (M.D.Fla 1994), St. Paul Fire & Marine Ins. Co. v. Advanced International Systems Inc., 824 F. Supp. 583, 586 (E.D.Va.1993), Atlantic Mutual Ins. Co. v. Brotech Corp., 857 F. Supp. 423, 429 (E.D.Pa.1994). See also Fluoroware Inc. v. Chubb Group of Insurance Companies, 545 N.W. 2d 678 (Min. 1996), Maxconn Incorporated v. Truck Insurance Exchange, 88 Cal. Rptr 2nd 750, 755 (Cal. Ct. App 1999), Herman Miller, Inc. v. The Travelers Indemnity Company, 162 F. 3rd 454, 455 (6th Cir. 1998) and Tradesoft Technologies Inc. v. The Franklin Mutual Insurance Company Inc., 746 A. 2d 1078 (N.J. Super. 2000).

Therefore, for the foregoing reasons, we conclude that the Cincinnati Insurance Companies' commercial general liability (CGL) policy (policy number CPP0743088) affords no coverage for the Highland petition. Cincinnati Insurance Companies has no duty to defend or indemnify PS International Inc. under this policy of insurance.

With regard to the Cincinnati Insurance Companies Commercial Umbrella Liability policy, there are coverage provisions for "advertising injury".

## Commercial Umbrella Liability coverage

### Section I - Coverage

### A. Insuring Agreement

2. This insurance applies to "bodily injury", "personal and advertising injury"...

See p. 3 of the Commercial Umbrella policy.

### Section V – Definitions

3

17. "Personal and advertising injury" means injury, including "bodily injury", arising out of one or more of the following offenses:
    e. Defamation of character, including oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    f. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    g. The use of another's advertising idea in your "advertisement";
    h. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

See page 18 of the Commercial Umbrella policy.

However, there are exclusions for advertising injury coverage set out in the Commercial Liability Umbrella policy to wit:

**Section I – Coverage**

**B. Exclusions:**

13. Infringement of Copyright, Patent, Trademark or Trade Secret

    "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property.

    However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

See page 6 of the Commercial Umbrella policy.

Therefore, there is a specific exclusion of coverage for patent infringement in the Commercial Umbrella policy. The saving clause in this above-referenced exclusion for infringing in your "advertisement of copyright, trade dress or slogan" does not include patent infringement. As discussed above in the analysis relating to the CGL policy, various Courts have universally rejected the argument that "patent infringement" can be reasonably read into the phrase "infringement of copyright, trade dress (title) or slogan". Therefore, Cincinnati Insurance Companies have no duty to defend or indemnify PS International Inc. under the Commercial Umbrella policy number CCC4494864.

Cincinnati's coverage position is based on the facts as set out above. If any new or different facts are brought to its attention, Cincinnati reserves the right to reevaluate its coverage position. In addition, Cincinnati reserves the right to evaluate any coverage issue for any new claim or amendment filed. Please advise us immediately if any new claims are asserted or amended. If you believe we have misstated or omitted any facts that might affect coverage, please notify us immediately.

4

If you disagree with our position denying coverage, we will file a declaratory judgment action in South Dakota Federal Court in order to have the issue of insurance coverage ruled upon. If, however, PS International Inc. agrees with our position on the denial of coverage, we have included a waiver of coverage affidavit for a representative of PS International Inc. to please sign and return to us in the self-addressed, stamped envelope provided. We had previously sent a copy of same and we provide another for your convenience.

If you have any questions, please feel free to contact us. Otherwise, we would respectfully request that PS International sign and return this affidavit within fifteen (15) days of receipt of this letter.

>Very truly yours,
>
>Kathleen Roe
>Michael J. Frey
>For the Firm

KR:ja
Enc.

cc:   Patrick Schmidt (w/o enc.)
      Howalt-McCowell Insurance, Inc. (w/o enc.)

5